# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry L Patton, | No. CV-15-00877-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Jerry L. Patton's ("Patton") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine on July 13, 2018 (Doc. 22). Petitioner filed an Objection to the R&R on August 7, 2018 (Doc. 23). Respondents have not filed a response to the Objection.

**I. Background**

In her R&R, the Magistrate Judge set forth a concise and accurate summary of the background of this case. (Doc. 22 at 1-2). The Court finds that these facts are supported by the record, are not objected to by Patton, and thus incorporates them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that

1  has been properly objected to."). The Court, however, will summarize a few background
2  facts for context.

3  After a jury trial, on November 15, 2012, Patton was found guilty and convicted of
4  three counts of sexual conduct with a minor under 15. (Doc. 1 at 1-2). He was sentenced
5  to three 20-year terms, to be served consecutively. (*Id*.) After Patton's counsel filed an
6  *Anders* brief, attesting that he could not find arguable questions of law that were not
7  frivolous in the record, Patton file a supplemental *pro per* brief with the Arizona Court of
8  Appeals. (Doc. 1 at 2). Patton raised multiple grounds in his appeal, including that he was
9  denied the right to a speedy trial. (Doc. 1 at 20, ¶¶ 18-21; *see also* Doc. 19-1 at 34). The
10  state court of appeals affirmed Patton's convictions and sentences, but vacated the trial
11  court's order that required Patton to pay the cost of DNA testing. (Doc. 1 at 16). Patton
12  subsequently initiated post-conviction review ("PCR") proceedings in state court. (Doc. 1
13  at 50). While those proceedings were pending, he filed his Petition with this Court, which
14  was subsequently stayed pending conclusion of his PCR proceedings. (Docs. 1 & 11).
15  When the Maricopa Superior Court dismissed Patton's PCR claims, Patton petitioned the
16  Arizona Court of Appeals for review. (Doc. 19-1 at 27, ¶¶ 1-3). That court granted review
17  but denied Patton's requested relief. (Doc. 19-1 at 29, ¶ 9). The stay in this Court was
18  subsequently lifted. (Doc. 18).

19  Patton raised four claims in his timely-filed Petition: (1) denial of his Sixth
20  Amendment right to a speedy trial; (2) a violation of the Ex Post Facto Clause occurred
21  when he was charged with crimes that occurred beyond the statute of limitations in effect
22  at the time of his offenses; (3) that his Due Process and Equal Protection rights were
23  violated when certain expert testimony was admitted at his trial; and (4) prosecutorial
24  misconduct violated his Due Process rights. In her R&R, Magistrate Judge Fine found that
25  Patton had failed to exhaust his claims where Patton had only presented his federal claims
26  as state claims to the courts below. (Doc. 22 at 3-4). She specifically found that Patton's
27  few broad contentions that he had been deprived of certain rights guaranteed by the Federal
28  Constitution were undeveloped and were not expanded upon in his papers. (*Id*.) Judge

1  Fine further concluded that Patton's claims were subject to an implied procedural bar

2  because they were not fairly presented in state court and no state remedies remained

3  available to him.  She found that Petitioner did not argue or present facts that would have

4  established cause and actual prejudice to excuse the default, or that a miscarriage of justice

5  would occur if the default were not excused.  (*Id*. at 4).  Accordingly, Judge Fine

6  recommended denying the claims and dismissing all the claims in Patton's Petition. (*Id*.)

7  **II. Standards**

8      "A judge of the court may accept, reject, or modify, in whole or in part, the findings

9  or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1).  A district

10  court evaluating a Magistrate Judge's report may specifically adopt those portions of the

11  report to which no "specific, written objection" is made, so long as the factual and legal

12  bases supporting the findings and conclusions set forth in those sections are not clearly

13  erroneous.  *See* Fed.R.Civ.P. 72(b); *Thomas*, 474 U.S. at 149.  A district court is not

14  required to review any portion of a magistrate judge's R& R that is not the subject of an

15  objection. *Thomas*, 473 U.S. at 149.  *See also* 28 U.S.C.A. § 636(b)(1) (the district court

16  "shall make a de novo determination of those portions of the report or specified proposed

17  findings or recommendations to which objection is made").

18      Patton filed a two-page Objection to the Magistrate Judge's R&R.  Therein, he

19  claims that although "inexpertly drawn" his Petition does "set forth shortcomings of state

20  proceedings."  (Doc. 23 at 1).  He says that he asserted "his right to a speedy trial to his

21  court-appointed counsel on 3-10-11 and again in filing a habeas petition on 23 May 11."

22  (*Id*. at 2)   Patton offers no further specifics as to the nature of the claims he allegedly

23  asserted on these dates.  The Court, however, interprets this statement as an objection to

24  Magistrate Judge Fine's finding that Patton failed to exhaust his claim that he was denied

25  a right to a speedy trial under the Sixth Amendment of the United States Constitution.  The

26  Court will therefore review this objection to the R&R *de novo*.

27  **III.  Analysis**

28      A petitioner must exhaust his remedies in state court before filing a habeas petition

1    in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c). To exhaust state court remedies in

2    Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals either

3    through the state's direct appeal process or through post-conviction relief. *See Swoopes v.*

4    *Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Exhaustion of federal claims is required so

5    that state courts have the first opportunity to pass upon and correct any alleged

6    constitutional errors. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). *See also Williams v.*

7    *Swarthout*, 771 F. 3d 501, 2014 WL 5368854, at \*5 (9th Cir. 2014) (noting that the AEDPA

8    gives "primary responsibility' for adjudicating federal claims to the States.") (citing

9    *Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013) (internal quotes omitted).

10    "In order to 'fairly present' an issue to a state court, a petitioner must 'present the

11    substance of his claim to the state courts, including a reference to a federal constitutional

12    guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v.*

13    *Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582 (9th

14    Cir. 2009). *See also Picard v. Connor*, 404 U.S. 270, 275-278 (1971) (proper exhaustion

15    requires a petitioner to have "fairly presented" to the state courts the exact federal claim he

16    raises on habeas by describing the operative facts and federal legal theory on which the

17    claim is based); *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001) (finding the

18    petitioner failed to fairly present his federal claims to the state court because he did not

19    describe the operative facts and federal legal theory upon which his claims were based)

20    (citations omitted). "Our rule is that a state prisoner has not 'fairly presented' (and thus

21    exhausted) his federal claims in state court unless he specifically indicated to that court that

22    those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir.

23    2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001).

24    Claims that are based on the same facts must be separately exhausted if they are

25    supported by distinct constitutional theories. *Gray v. Netherland*, 518 U.S. 152, 162–63

26    (1996). Indeed, "general appeals to broad constitutional principles, such as due process,

27    equal protection, and the right to a fair trial, are insufficient to establish exhaustion."

28    *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Similarly, "[i]f a petitioner fails to

alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). But when claims are "sufficiently related" or so "intertwined" that raising one clearly implies the other, exhausting one claim will also exhaust the related claim, so long as the failure to explicitly raise the related claim was not a "strategic choice." *Lounsbury v. Thompson*, 374 F.3d 785, 788 (9th Cir. 2004) (internal quotation marks omitted) (holding that exhaustion of a procedural challenge to petitioner's competency determination exhausted a substantive challenge to the same determination, though the two challenges relied on two distinct Fifth Amendment theories); *see also Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008).

In accordance with these principles, for Patton's Sixth Amendment[1] right to a speedy trial to have been exhausted, it must have been "fairly presented" to the state court on direct appeal. Here, Patton did not properly exhaust his federal speedy trial habeas claim because he did not fairly present this claim to the Arizona courts by asserting the violation of his federal constitutional right to a speedy trial. Patton made passing reference to the Sixth Amendment in his supplemental brief to the Arizona Court of Appeals. (*See* Doc. 19-1 at 37, ¶ 3 ("Court later continually referred to 1-7-11 as arraignment and "start date" of appellant's speedy trial as provided in Arizona Constitution Article 2, Section 11; Section 24 and Section 32 and the Constitution of the United States Article 4 – Section 2, --the 6th Amendment --, and the 14th Amendment, Section 1."). However, apart from this reference, Patton only cited state procedural rules and authorities in making his speedy trial argument (*see* Doc. 19-1 at 39-52 (referencing Arizona Rule of Criminal Procedure 8 and

---

[1] The Sixth Amendment provides:

'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense.'

The right to a speedy trial is guaranteed to a defendant under the Sixth Amendment to the Constitution and imposed on the states through the Due Process Clause of the Fourteenth Amendment. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

its subsections), and failed to advance his argument under federal law in his briefing. The Arizona Court of Appeals, accordingly, only addressed his speedy trial claim under Arizona Rule of Criminal Procedure 8, finding it to be without merit. (*See* Doc. 1 at 17).

Patton's failure to advance a federal theory in front of the Arizona courts is significant because Arizona and the federal constitution impose different standards in assessing whether a defendant's right to speedy trial has been violated – the former nearly always being more restrictive of the government. As explained by the Ninth Circuit, "[t]hough [Rule 8] and the Sixth Amendment both contain the right to a 'speedy trial,' they mean different things. The constitutional rule imposes a flexible limit that is far *longer* than the Arizona rule in most or all cases." *Stuard v. Stewart*, 401 F.3d 1064, 1068 (9th Cir. 2005) (emphasis added).

Given the difference in federal and state standards recognized by the Ninth Circuit and the absence of a federal claim theory before the Arizona courts, this Court declines to find that Patton's federal claim is "sufficiently related" or so "intertwined" with his state claim that the presentation of the state speedy trial claim to the state appeals court clearly implied he was also raising a federal claim. *Lounsbury*, 374 F.3d at 788. In *Loundsbury*, the Ninth Circuit found that a district court erred in finding that a petitioner's substantive due process competency to stand trial claim was not exhausted. 374 F.3d at 789-90. The appellate court reasoned that where the petitioner had squarely presented a procedural due process claim regarding the burden of proof needed establish his competency to the state appeals court, the petitioner had also "adequately exhausted his substantive competency claim." *Id*. at 789. In so holding, the court found it significant that:

> (1) [the substantive] claim was closely related to, and concerned the very same trial court legal ruling as, the claim that was concededly adequately raised; (2) the Oregon Supreme Court, under its own rules, could have reached the substantive competency issue had review been granted because it was squarely raised in the Court of Appeals brief; (3) the text of the petition includes the substantive claim; and (4) had the Oregon Supreme Court accepted review even over the procedural issue only, it could have discussed the strength of the substantive competency claim in the course of conducting a harmless error analysis for the procedural competency claim.

*Id.*

Here, although state and federal speedy trial claims, by their name, can be considered "closely related," the difference in legal standards applied to assess a purported violation under the respective authorities underscores their distinctness. *Stuard*, 401 F.3d at 1068. Unlike the assessment of whether a defendant's speedy trial rights have been violated under Arizona state and constitutional law, which is assessed by the time frames identified in Rule 8, a review of whether the accused's right to a speedy trial has been violated under the Sixth Amendment requires a balancing of four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The federal approach has been characterized as "'amorphous,' 'slippery,' and 'necessarily relative.'" *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (quoting *Barker*, 407 U.S., at 522). The United States Supreme Court has specifically rejected the fixed-time period approach used by courts like Arizona, because those approaches are "inflexible" and "[go] further than the Constitution requires." *Barker*, 407 U.S. at 530. Arizona courts have also noted the distinction. In *State v. Tucker*, the Arizona Supreme Court stated that that the right to speedy trial under Ariz. R. Crim. P. 8 "is more restrictive of the state than the Sixth Amendment and does not require the analysis espoused by" the U.S. Supreme Court under *Barker*. 651 P.2d 359, 308 (Ariz. 1982) (citing *State ex rel Berger v. Superior Court*, 529 P.2d 686 (Ariz. 1974)); *see also State v. Spreitz*, 945 P.2d 1260, 1267 (Ariz. 1997) (en banc).

These different legal standards distinguish "intertwined" claims like the due process claims in *Lounsbury*. Unlike there, where the court found it significant that the Oregon Supreme Court "could have discussed the strength of the substantive competency claim in the course of conducting a harmless error analysis for the procedural competency claim," here, there would have been no need for the Arizona Supreme Court to discuss Patton's federal claim in reviewing a lower court's dismissal of Patton's state speedy trial claim under a more "restrictive" state analysis. *Lounsbury*, 374 F.3d at 789. Having dismissed Patton's state speedy trial claim as within the more defendant-protective boundaries of

Rule 8, an analysis under the *Barker* factors is unnecessary. *Tucker*, 651 P.2d at 308.

Accordingly, Patton's presentation of his speedy trial claim as only a violation of state law insufficiently exhausted his federal habeas claim under the Sixth Amendment. Moreover, because Patton did not fairly present the Sixth Amendment claim in state court and no state remedies remain available to him, the claim is subject to an implied procedural bar.[2] Patton has not argued cause and actual prejudice exist to excuse his default, or that a miscarriage of justice would occur if the default were not excused, and the Court cannot find any from the record. Petitioner's claims are, therefore, procedurally defaulted.

**IV. Conclusion**

For the foregoing reasons, and after conducting a *de novo* review of the Magistrate Judge's exhaustion findings with regard to Patton's federal speedy trial claim, the Court agrees with the Magistrate Judge and concludes that Petitioner's grounds for relief are procedurally barred.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 22) is **accepted** and **adopted**. Petitioner's Objection (Doc. 23) is overruled.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

…

…

…

…

---

[2] A comprehensive summary of the legal standards governing exhaustion of state court remedies and procedural default is provided in the R&R (Doc. 22 at 2-3). Because Petitioner does not object to the legal standards set forth in the R&R, this Court relies on those standards for its analysis.

1    **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and

2    enter judgment accordingly.

3        Dated this 15th day of March, 2019.

4

5

6                                          Honorable Diane J. Humetewa
7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28